IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NU IMAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No.: 1:17-cv-1423 <br><br> Judge Ronald A. Guzman <br><br> Magistrate Judge Sheila Finnegan |

**FINAL JUDGMENT ORDER**

This action having been commenced by NU IMAGE, INC. ("Nu Image" or "Plaintiff") against the defendants identified in the attached First Amended Schedule A and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified in the First Amended Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included a domain name transfer order and asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Nu Image's trademark and copyright which is protected by U.S. Copyright Registration No. PA-1-703-039 (the "EXPENDABLES").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful copyright infringement (17 U.S.C. § 504), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the EXPENDABLES Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine

Plaintiff Product or not authorized by Plaintiff to be sold in connection with the EXPENDABLES Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the EXPENDABLES Trademark;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the EXPENDABLES Trademark and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the EXPENDABLES Trademark or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendants that are involved with

3

the distribution, marketing, advertising, offering for sale, or sale of any product bearing the EXPENDABLES Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff Product or not authorized by Plaintiff to be sold in connection with the EXPENDABLES Trademark.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order, shall, at Plaintiff's choosing:

   a. permanently transfer the Defendant Domain Names to Plaintiff's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff' selection; or

   b. cancel the registrations for the Defendant Domain Names and make them inactive.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the EXPENDABLES Trademark, including any accounts associated with the Defaulting Defendants listed on First Amended Schedule A attached hereto;

4

b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the EXPENDABLES Trademark; and

c. take all steps necessary to prevent links to the Defendant Domain Names identified on First Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for the willful infringement of Plaintiff's copyright which is protected by U.S. Copyright Registration No. PA-1-703-039.

5. Western Union shall, within two (2) business days of receipt of this Order, permanently block any Western Union money transfers and funds from being received by the Defaulting Defendants identified on First Amended Schedule A.

6. Amazon Payments, Inc. and PayPal, Inc. ("Amazon and PayPal") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any China or Hong Kong based accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified on First Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon and PayPal, are hereby released to Plaintiff as partial payment of the above-identified damages, and Amazon and PayPal is ordered to release to Plaintiff the amounts from Defaulting Defendants' Amazon and PayPal accounts within ten (10) business days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Amazon and PayPal in the event that any new Amazon and PayPal accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon and PayPal shall within two (2) business days:

   a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon and PayPal accounts;

   b. Restrain and enjoin such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c. Release all monies restrained in Defaulting Defendants' Amazon and PayPal accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

   a. Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

   b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

6

    c. Release all monies restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

10. In the event that Plaintiff identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Trevor Short and any e-mail addresses provided for Defaulting Defendants by third parties.

11. The ten thousand-dollar ($10,000) cash bond posted by Plaintiff, including any interest minus the registry fee, is hereby released to Plaintiff or its counsel, Keith A. Vogt. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court to Plaintiff or its counsel by check made out to the Keith A. Vogt IOLTA account.

This is a Final Judgment.

Dated: _April 19_, 2017

                                           _Ronald A. Guzman_
                                           The Honorable Ronald A. Guzman
                                           United States District Court Judge

# FIRST AMENDED SCHEDULE A

## DEFENDANTS

| No. | Name/Alias |
|---|---|
| 1 | BEIER official store |
|  |  |
| 3 | Staryee Jewelry |
| 4 | Bahamut Mall |
|  |  |
| 6 | VNFNMI -Jewelry store |
| 7 | Starfield Jewelry store |
| 8 | trophy&ring AKA Andy Hu |
| 9 | feimeng jewelry Store |
| 10 | YUXUAN Stainless Steel Jewelry Co.,Ltd |
| 11 | TITI aka Dongguan Changan YX Lead Top Metal Factory |
| 12 | Guangzhou Noahs Ark Jewelry Co., Ltd. |
| 13 | Yiwu City MJ Jewelry Company Ltd. |
| 14 | Guangzhou Longcong Import And Export Ltd. |
| 15 | Dongguan Jaton Hardware Leather Jewelry Manufacturer |
| 16 | Wuzhou Jiangyuan Gems Co., Ltd. |
| 17 | Dongguan Junli Jewelry Co., Ltd. |
| 18 | Haifeng YaFeiNi Jewelry Factory |
| 19 | Guangzhou Hotlife Jewelry Co., Ltd. |
| 20 | Guangzhou Exquisite Jewelry Co., Ltd. |
| 21 | Yiwu Baihui Jewelry Co., Ltd. |
| 22 | Guangzhou Sikaida Jewelry Co., Ltd. |
| 23 | Guangzhou IO Jewelry Co., Ltd. |
| 24 | Dongguan Mingyue Jewelry Factory |
| 25 | Qingdao Green-Fresh International Trading Co., Ltd. |
| 26 | Dongguan Truthkobo Jewelry Co., Ltd. |
|  |  |
|  |  |
| 29 | Yiwu Jojo Fashion Accessories Co., Ltd. |
| 30 | Shenzhen Staryee Jewelry Co., Ltd. |
| 31 | Guangzhou Bear Free Jewelry Co., Ltd. |
| 32 | Yiwu Mecy E-Commerce Firm |
|  |  |
| 34 | Yiwu Ruigang Jewelry Co., Ltd. |

8

| | |
|---|---|
| 39 | Ningbo Zhongyi Ornaments Co., Ltd. |
| 40 | Guangzhou Zhaoxiang Jewelry Factory |
| 41 | Shenzhen Vlink Plastic And Hardware Gift Co., Ltd. |
| 42 | Guangzhou Juzhiming Jewelry Co., Ltd. |
| 43 | Yiwu Yangcan Jewelry Factory |
| 44 | Dongguan Bao Hui Jewelry Co., Ltd. |
| 45 | Yiwu Ou Meng Imp&Exp Co., Ltd. |
| | |
| 47 | Guangzhou Tomas Crafts Co., Limited |
| 48 | Yiwu One Girl Jewelry Co., Ltd. |
| 49 | Yiwu Haoyu Artscrafts Co., Ltd. |
| 50 | Dongguan O.B. Jewelry Factory |
| 51 | Yiwu Xinghui Jewelry Co., Ltd. |
| 52 | Yiwu Tailuan E-Business Firm |
| 53 | Shenzhen OnlyArt Jewelry Co., Ltd. |
| | |
| 55 | Shenzhen Star Harvest Jewelry Co., Ltd. |
| 56 | Guangzhou Lovans Jewelry Co., Ltd. |
| | |
| | |
| 59 | Yiwu Wenice Jewelry Co., Ltd. |
| 60 | Yiwu Qianxi E-B Firm |
| | |
| 62 | Dongguan Minos Stainless Steel Jewelry Co., Ltd. |
| 63 | Dongguan Changan Tanaer Jewelry Factory |
| 64 | Guangzhou Daimily Trading Co. Ltd. |
| 65 | Yiwu Aimee Silk Flower Crafts Factory |
| | |
| | |
| | |
| | |
| | |
| 72 | Yiwu Beichong Jewelry Factory |
| 73 | Jinhua Sunny Jewellery Factory |
| 74 | Yiwu Pindi Jewelry Factory |
| 75 | Yiwu Feina E-commerce Firm |
| 76 | Yiwu Pretty Fashion Accessories Co., Ltd. |

| | |
|---|---|
| 77 | Shenzhen TimesBrother Hardware Limited Company |
| | |
| | |
| 80 | Shenzhen Sunrising Trade Co. Ltd. |
| 81 | Yiwu Saiying Paper Factory |
| 82 | Shenzhen Soaring Rainbow Jewelry Co., Ltd. |
| 83 | Yiwu Major E-Commerce Firm |
| 84 | Dongguan Jidian Hardware Jewelry Factory |
| 85 | Dongguan Chang'an Sundu Hardware Ornament Factory |
| 86 | Dongguan Happymetals Jewelry Industry Co., Ltd. |
| | |
| | |
| 89 | Yiwu Queena Garment & Accessories Factory |
| 90 | Dongguan Sissi Jewelry Company Limited |
| 91 | Dongguan Aicong Jewelry Co., Ltd. |
| 92 | Yiwu Daiqi Jewelry Factory |
| 93 | Dongguan Jinjing Hardware Jewelry Factory |
| | |
| | |
| 96 | Yiwu Guangcui Jewelry Factory |
| 97 | Yiwu Yuzhen Jewelry Factory |
| | |
| | |
| 100 | Guangzhou Exquisite Jewelry Co., Ltd. |
| | |
| 103 | Dongguan Dianzui Jewelry Co., Ltd. |
| 104 | Dongguan BaiFu Steel Jewelry Co., Ltd. |
| 105 | Guangzhou Boojew Jewelry Co., Ltd. |
| | |
| 107 | Shenzhen Golden Fly Teng Jewelry Co., Ltd. |
| 108 | |
| 109 | Xi'an Guozi Trading Co., Ltd. |
| | |
| | |
| 112 | Shenzhen Sinlifu Opal Jewelry Co., Ltd. |
| 113 | havinchan |
| 114 | xiang-hongjun7 |
| 115 | fugui-live |
| 116 | beautylife-bobo2010 |
| | |

| 118 | lisa-jewelry-boutique |
|-----|----------------------|
| 119 | eternallove90 |
| 120 | hellende1368 |
| 121 | omg_deal* |
| 122 | fashion*gift |
| 123 | for.you.good |
|     |                      |
| 125 | gemsassist |
| 126 | Huayanpan |
| 127 | sunnydreamworld |
| 128 | paly-555 |
| 129 | bluceli |
| 130 | Topstar Wholesale |